ISAAC NETTLES *v*. STATE OF INDIANA.

[No. 1-674A99. Filed May 15, 1975.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant Nettles entered a plea of guilty to manslaughter and was duly sentenced under the statute. This appeal comes to us for review of a post conviction relief petition which denied relief to Mr. Nettles.

The evidence most favorable to the State in this case is that defendant-appellant (Nettles) was arrested for first degree murder in Marion County on April 22, 1972. He was indicted on June 8, 1972, and held without bond. On June

9, 1972, he was arraigned, with Mr. William Wurster, Marion County Public Defender, present, and pleaded not guilty.

On July 31, 1972, Nettles filed his motion for change of venue from the county which was granted. On August 10, 1972, the cause was ordered transferred to the Boone Circuit Court and the transcript of the record was received and docketed in said court on August 14, 1972.

The cause was set for trial in the Boone Circuit Court on January 2, 1973, for February 26, 1973, *as a first choice case.*[1] On February 23, 1973, Nettles' attorney, Mr. Wurster from Marion County, filed a motion for continuance and at the same time also filed a motion to withdraw his appearance for Nettles. The court sustained each of the motions and continued the cause to a later date.

On February 26, 1973, the same being the original trial date, the court appointed Allen F. Wharry as pauper counsel for Nettles. On that very day Nettles, after conferring further with his court appointed counsel, Mr. Wharry, entered a plea of guilty to the lesser included offense of voluntary manslaughter. The record discloses that Mr. Wharry had talked with Nettles prior to his appointment and that Mr. Wharry had then negotiated with the Prosecuting Attorney in a plea bargaining effort which resulted in Nettles' charge being reduced to voluntary manslaughter.

Nettles contends that nothing was done, either by him or the State during the interim period from August 14, 1972, the date the cause was docketed in the Boone Circuit Court, until February 26, 1973 (exclusive of the motions to withdraw counsel's appearance and for a continuance of the cause, which motions were filed by Nettles through his attorney, Wurster, on February 23, 1973.)

---

1. The evidence in the post conviction relief hearing elaborated on how dockets were set in Boone County. The dockets there are set in July and January and at the setting in the summer in July they are usually set through January and in January they are usually set for February through the month of July. There is always a month overlap between.

Criminal trials have priority over civil trials at the setting of the courts' dockets.

Nettles admits that in reading CR. 4(A) the rule contemplates some type of affirmative action being taken by defendant to challenge the State and court for failure to grant him a speedy trial. Nettles now attacks his Boone County court appointed pauper attorney in his motion to correct errors and in his brief for not providing him, Nettles, with adequate and effective representation. He further urges that the trial court could have acted on its own motion to discharge Nettles for the delay in bringing him to trial.

Nettles maintains he first learned of attorney Wurster's withdrawal of appearance on February 21, 1973. The evidence is that attorney Wharry contacted him on the 22nd or 25th of February, 1973, which was just before the trial date of February 26, 1973.

Nettles contends as to issue one that the trial court lacked jurisdiction to try him for the reason he had been detained in jail for a period longer than six months in violation of CR. 4(A). Said rule does prohibit the detaining of a prisoner in jail on a charge, without a trial, for a period of an aggregate embracing more than six months from the date the criminal charge against the defendant is filed or from the date of his arrest (whichever is later),

> ". . . except where a continuance was had on his motion, the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar . . ."

Nettles took the change of venue from Marion County, which tolled the running of the six months period until August 14, 1972, when the cause was duly docketed in the Boone Circuit Court, at which time the six months period began to run anew. *State ex rel. Banks* v. *Hamilton Superior Court* (1973), 261 Ind. 426, 304 N.E.2d 776.[2]

---

2. We note the apparent conflict between the restarting of the six month period pursuant to *Banks* and the provisions of CR. 4(F) as amended in 1974, which provides that any delay merely extends the period by the amount of the delay. However, CR. 4(F) as amended became effective subsequent to the case at bar and thus is not applicable.

The trial court, under the practice of setting the trial calendar as hereinabove set out, set Nettles' case for trial at the first trial setting following the docketing of his case there for February 26, 1973, *as a first choice case,* which was twelve days beyond the six months period and thereby did all that was required of him by giving this case first choice on the trial calendar at his first opportunity to set the same. *Harris* v. *State* (1971), 256 Ind. 464, 269 N.E.2d 537, 539; *Summerlin* v. *State* (1971), 256 Ind. 652, 271 N.E.2d 411, 418.

No objection was voiced to the assigned trial date, as evidenced by Nettles' first court appointed counsel filing, on February 23, 1973, a motion for continuance and a motion to withdraw counsel's appearance. Counsel necessarily had prior knowledge of the Boone County trial date, as he appeared in the Boone Circuit Court equipped with his motion for a continuance and his motion to withdraw his appearance. The absence of any objection by Nettles or his attorney being timely made to the trial date is a waiver of the right to discharge under CR. 4(A). *Easton* v. *State* (1972), 258 Ind. 204, 280 N.E.2d 307; *Bryant* v. *State* (1973), 261 Ind. 172, 301 N.E.2d 179; *Utterback* v. *State* (1974), 261 Ind. 685, 310 N.E.2d 552.

The fact that defense counsel Wharry had only a minimal consultation with his client does not of itself render representation merely perfunctory. The presumption is that the defendant had adequate representation and such presumption can be overcome only if it is shown that what counsel did or did not do "reduced the trial to a mockery, sham or farce." *Daniels* v. *State* (1974), 160 Ind. App. 582, 312 N.E.2d 890, 892.

Nettles has alleged incompetence of counsel based on the failure to file a motion for discharge under CR. 4(A). We have heretofore determined such a motion after attorney Wharry was appointed would be without merit. *King* v. *State* (1974), 161 Ind. App. 196, 314 N.E.2d 805.

We have examined the record and find that Nettles was adequately represented by attorney Wharry.

We now hold that Nettles did not sustain his burden of proof to sustain his petition under P.C. 1. See *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported 327 N.E.2d 625.