LARRY DARNELL HARRIS *v.* STATE OF INDIANA.

[No. 1177S788. Filed June 27, 1978.]

*Paul J. Giorgi,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted by jury of murder in the first degree and sentenced to life imprisonment.

He first alleges there was insufficient evidence to sustain the verdict. When reviewing a sufficiency challenge, this Court will not weigh the evidence or determine the credibility of witnesses. We look only to the evidence most favorable to the State and will affirm the verdict if there is evidence of probative value on each element of the crime charged. *Pulliam* v. *State,* (1976) 264 Ind. 381, 345 N.E.2d 229; *Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E.2d 776.

Murder in the first degree involves the killing of a human being with purposeful and premeditated malice. IC § 35-13-4-1 [Burns 1975]. Premeditation is a deliberate formation of an intent to perform a future act. *Owens* v. *State,* (1975) 263 Ind. 487, 333 N.E.2d 745.

Purpose and malice may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death or great bodily harm. *Ortiz* v. *State,* (1976) 265 Ind. 549, 356 N.E.2d 1188.

The record in this case reveals that on June 19, 1976, the decedent and two friends were standing outside the home of the appellant's sister and niece. The niece was the girlfriend of the decedent. The appellant went to visit his sister and told the decedent and his friends to leave before he returned. He told his niece that he did not like the decedent. She stated that she could not help how he felt, to which the appellant replied, "Well, I can." The appellant walked out of the house and punched the decedent in the jaw. He then drew a knife and mortally wounded the decedent.

The next day the appellant surrendered himself to the police. He admitted to taking a knife from his girlfriend's house and to stabbing the decedent. He further stated that he took the knife in order to protect himself from possible attack by the decedent and his friends. He indicated that he saw no weapon in the decedent's possession and no evidence was adduced at trial which indicated that the decedent had been armed. The record clearly supports the finding of the jury that the appellant killed the decedent with purposeful and premeditated malice.

The appellant next argues the trial court had a duty to instruct the jury *sua sponte* on the issue of self-defense and a failure to do so constituted fundamental error. The appellant did not tender an instruction on self-defense or object to the instructions given by the trial court. The trial rules require that a party specifically object to deficiencies in jury instructions in order to preserve that issue on appeal. Ind. R. Crim. P. 8(b) ; *Kelsie* v. *State,* (1976) 265 Ind. 363, 354 N.E.2d 219. The trial court's failure to give *sua sponte* an instruction on self-defense even though there was some evidence which might support a self-defense claim, does not constitute fundamental error. The burden to

request such an instruction is clearly upon the defendant. The appellant failed to object to the trial court's instructions and has therefore waived that issue on appeal.

The trial court is affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 377 N.E.2d 632.