Leroy BRYANT, Appellant,

v.

STATE of Indiana, Appellee.

No. 779S180.

Supreme Court of Indiana.

July 18, 1980.

Nile Stanton, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Leroy Bryant, was convicted after a trial by jury of second degree murder in the Marion County Criminal Court, Division Three. A sentence of not less than fifteen nor more than twenty-five years was imposed on September 21, 1976. The conviction was affirmed on direct appeal by this Court in *Bryant v. State*, (1978) 268 Ind. 498, 376 N.E.2d 1123. Thereafter appellant filed a petition for post-conviction relief seeking a new trial because of alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution, prosecutorial misconduct, and denial of adequate assistance of counsel. A hearing on the petition resulted in special findings and conclusions of law against petitioner. This appeal has followed.

The major events surrounding the shooting and killing of David Williams occurred on April 10, 1976, and April 11, 1976. On the first day appellant drove Vivian Boyce, a dancer at the Silver Dollar Saloon in Indianapolis, to work, and in that place in front of others appellant and the victim got into an argument and fight. On April 11 appellant sought out the victim at the resi-

dence of Boyce, and there confronted him on the front porch and shot and killed him.

Appellant's conviction rests for the most part upon the testimony of Boyce who observed the shooting. Appellant's defense was that he was arguing on the front porch with the victim when a figure lurking in the shadows off the front porch fired the fatal shot. The strategy followed by defense counsel was to bolster appellant's credibility and impeach Boyce's credibility.

In his post-conviction petition appellant contended that the trial prosecutor had engaged in misconduct in that he had improperly used appellant's silence at arrest for impeachment purposes contrary to the Fifth and Fourteenth Amendments to the United States Constitution. *Doyle v. Ohio*, (1976) 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91; *Jones v. State*, (1976) 265 Ind. 447, 355 N.E.2d 402.

The record shows that appellant surrendered himself a few hours after the shooting by letting the police know that he was at his sister's house. He was arrested there, and after being advised of his *Miranda* rights told the arresting officer that the victim and two other subjects had approached him on the porch of Boyce's residence and that he had shoved the victim, but had not shot him. This oral statement was admitted in evidence at the original trial. Later that same night appellant was questioned by a detective at the police station and at some point in that questioning refused to execute a written waiver of rights.

■ Upon testifying at trial on his own behalf before the jury, appellant did reveal segments of the statements he had made to the detective at the police station, including requests he had made for a lie detector test and a paraffin test, neither of which were given him. On cross-examination the trial prosecutor asked whether it was not true that he had never asked for the tests. This cross-examination challenging the existence of such requests was proper. As to the extent that silence was being used, it was being used to challenge his own testimony describing his behavior following arrest. *Doyle v. Ohio, supra.*

■ During direct examination appellant in describing the shooting testified that the victim had had a gun. On cross-examination the trial prosecutor asked why he had not told the detective about the gun, and without objection, appellant responded that he had told the detective about it. The answer constitutes a testimonial claim by appellant that he had previously given a version of the events to the police which was consistent with his in-trial story. The cross-examination was therefore proper as prior silence was not being used to impeach the in-trial story.

■ At the very end of the trial during rebuttal testimony appellant's second statement given to the detective at the police station was admitted into evidence. It was exculpatory and consistent with the first statement given the arresting officer. In the testimony leading up to the introduction of it, the detective testified that at one point in the questioning appellant had refused to sign the rights waiver; however, the statements made were admitted after an objection to it was made on *Miranda* grounds and then withdrawn. The detective testified that in giving the statement, appellant had requested a paraffin test but had not requested a lie detector test. This was the proper use of the prior statement for impeachment purposes. *Harris v. New York*, (1971) 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1. There is no adverse use in these circumstances of post-arrest silence following the *Miranda* advisements.

■ During direct examination at the original trial appellant also testified that he went to the Silver Dollar Saloon at about 10:00 p. m. on April 10, recalling that time because he had just received a telephone call at his home from his aunt. He also testified that he had been accompanied by Rodney, a long time friend of the family, at the Silver Dollar Saloon that same night during the affray involving the victim. On cross-examination and without objection the trial prosecutor asked appellant if those two witnesses were in court and upon re-

ceiving a negative answer asked where they were. Appellant gave a negative response to this inquiry also. This cross-examination was not improper on the basis urged. Appellant contends that the questions abridged the presumption of innocence and constitutional right of appellant without specifying the constitutional provision relied upon. The cases cited involved questions of state and federal evidentiary law and not constitutional law. *Gass v. United States,* (D.C.Cir.1969) 416 F.2d 767; *Givens v. United States,* (1978) D.C.App., 385 A.2d 24; *Commonwealth v. Moore,* (1973) 453 Pa. 302, 309 A.2d 569. No Indiana authorities are cited. The cases relied upon concern themselves with the propriety of the negative inference which may be drawn by a jury against a party who fails to call witnesses who could give elucidating evidence on a disputed point. Unlike those cases the case at bar does not involve express reference to such inferences in final summations or jury instructions, but involves simply the propriety of questioning from which the jury might make the inference. No contention is made that such questioning was pressed or repeated. Applying the cases cited to the case at bar the missing witness inference simply did not arise at trial and did not prejudice the substantial rights of appellant.

■ As has been pointed out in each instance above none of the developments at the original trial of appellant were challenged by an objection having *Doyle v. Ohio, supra,* or other legal authority argued in this appeal as its foundation. The question of the propriety of the conduct of the trial prosecutor was not raised at the original trial. Waiver was successfully raised by the State in defense to the post-conviction petition. The issue was not available for direct review in appellant's first and direct appeal or for direct consideration as grounds for post-conviction relief. *Langley v. State,* (1971) 256 Ind. 199, 267 N.E.2d 538; *Maldonado v. State,* (1976) 265 Ind. 492, 355 N.E.2d 843.

Appellant next contends that the trial court erred in concluding that appellant had been afforded adequate assistance of counsel within the meaning of the Sixth and Fourteenth Amendments to the United States Constitution. Many of the actions and inactions identified by appellant as indicative of ineffectiveness of defense counsel at the original trial lose all force when considered in light of the reality of the trial. As previously pointed out appellant's conviction rests upon his own admissions and the testimony of Boyce who observed the shooting. Defense counsel adopted the strategy of bolstering his client's credibility and impeaching Boyce's credibility to the maximum.

Defense counsel brought out that after his arrest appellant asked for a lie detector test and paraffin test. The existence of these requests would tend to portray appellant before the jury as one unafraid of the truth and innocent of wrongdoing. Under further questioning by defense counsel he testified that he went to the Silver Dollar Saloon at about 10:00 p. m. after having received a telephone call from his aunt. He also testified that he had been accompanied by Rodney, a long time friend of the family, at the Silver Dollar Saloon that same night. This testimony tends to cast appellant as a *mensch,* having a home and close supportive family ties. It portrays him as a permanent member of the community, therefore one likely to tell the truth and quite unlikely to commit a senseless act of slaughter.

■ Defense counsel was not neglectful in ignoring subsequent attempts by the prosecutor to cross-examine appellant on these points. In the first place there was no valid legal objections to be made as has been previously determined in this opinion. Secondly, in permitting this latitude to the cross-examiner, defense counsel bolstered his portrayal of his client as unafraid of the truth and immune from being discovered a liar through questioning.

■ Appellant also points out that defense counsel during examination brought out that no person other than petitioner had been involved with the deceased in the fight at the Silver Dollar Saloon. This is an interpretative analysis of a part of the rec-

ord which is incorrect. The witness referred to testified that he had not seen whether the victim was aided by anybody in the scuffle with appellant. This same witness had unequivocally testified that he had not actually seen the scuffle between the two men. This incident does not indicate neglect or lack of preparedness on the part of defense counsel.

■ Appellant further complains that defense counsel brought out on cross-examination of Vivian Boyce that no one other than appellant and the deceased victim had been on the porch at the time of the slaying. This elicitation was consistent with appellant's in-trial version of the circumstances of the crime in which he placed himself and the victim alone on the porch and the slayer in the shadows off of the porch. Defense counsel is not subject to criticism on this basis.

■ Appellant further complains that defense counsel opened the door to testimony by Vivian Boyce that two or three days before the shooting she had seen a gun which appellant was carrying in a pocket. This effect was produced when defense counsel elicited an admission from Boyce on cross-examination that two or three days before the shooting she had in fact been picked up at her residence and driven to work. In getting this information before the jury, defense counsel was setting the stage for the testimony of appellant which would tend to prove that during this trip to work, Boyce had purchased some heroin and injected it. It was then on re-direct examination of Boyce that the prosecutor brought out that she had seen a gun on appellant during this trip. This elicitation by defense counsel is wholly consistent with the strategy of the defense to discredit Boyce in the eyes of the jury. Obviously, the evidence concerning the ride also carried with it unfavorable consequences for the defense. Defense counsel was faced with a difficult decision and in finding that the benefits of the evidence outweighed its burdens he is not to be faulted.

■ With regard to the claim that defense counsel did not properly and adequately investigate the case and prepare for trial, the trial court made the following finding:

"6. Based on the testimony of witnesses at the hearing in this cause, the Court finds that Petitioner's trial counsel met with Petitioner on at least four (4) occasions prior to trial; that counsel reviewed the State's entire file on the case, discussed the same with the prosecuting attorney and interviewed witnesses for the State; that the State's key witness was in the State of Oregon during the major portion of the period preceding trial and returned immediately prior to the trial, at which time defendant's trial counsel interviewed her; that defendant's trial counsel deliberately questioned him at trial regarding his request for a polygraph test and other tests following his arrest; and that said trial counsel engaged in zealous impeachment of the State's witnesses at trial.

\* \* \* \* \* \*

8. Based on the record of proceedings from the trial of this cause, the Court finds that Petitioner's trial counsel raised frequent evidentiary objections and vigorously cross-examined the State's witnesses at trial."

The findings are fully supported by the record and in conjunction with the consideration we have given of actions taken and omitted by defense counsel support the trial court's conclusion of law that defense counsel was not ineffective or incompetent in his representation of appellant. Appellant was provided with counsel and representation which fully accorded with the requirements of the Sixth and Fourteenth Amendments to the United States Constitution.

Judgment affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.