**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 20 2014, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID L. JOLEY**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| PATRICK MCDONALD, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No.  02A05-1311-CR-557 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Robert E. Ross, Magistrate
Cause No. 02D04-1212-CM-6769

June 20, 2014

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Six-foot two-inch, two hundred seventy-five pound Patrick McDonald drove his vehicle to a law office where Michelle Santiago was working as a notary and legal assistant. Santiago stood five feet eight inches tall. At some point, McDonald decided to leave the office, but Santiago followed him to his vehicle and stated that he should not go until he signed some legal documents.

Rather than backing up and pulling out of the parking space, McDonald drove forward and struck Santiago twice with his vehicle. As a result, McDonald was charged with Count I, Battery Resulting in Bodily Injury,[1] a class A misdemeanor, and Count II, Criminal Recklessness with the Use of a Vehicle,[2] a class A misdemeanor. McDonald proceeded pro se at trial and was acquitted of battery but was found guilty of criminal recklessness.

McDonald now appeals, claiming that the trial court erred in not sua sponte instructing the jury on the issue of self-defense. McDonald also asserts that the trial court erred in not allowing him to complete his closing argument and that the State failed to rebut his claim of self-defense. We affirm the judgment of the trial court.

FACTS

On November 7, 2012, Michelle Santiago was working as a legal assistant at a Fort Wayne law office. At some point, Santiago saw McDonald park his vehicle in front

---

[1] Ind. Code § 35-42-2-1(1)(1)(A).

[2] Ind. Code § 35-42-2-2(b)(1).

2

of the office building. Santiago knew McDonald from prior legal dealings and had experienced some unpleasant interactions with him.

Santiago proceeded upstairs to the office from a break, and a short time later, the receptionist telephoned to let her know that McDonald was at the front desk. Santiago appeared but then told McDonald that she had to "grab her notary seal" to notarize his signature on some documents. Tr. p. 128. However, when she returned, McDonald was gone.

Santiago knew where McDonald was parked and proceeded to walk to McDonald's vehicle. In the meantime, McDonald left the office and rode the elevator down with Alec Jaurigue, one of the file "runners," who worked in the same building. Jaurigue testified that McDonald "seemed kind of frantic [and] in a hurry." Id. at 102.

Santiago saw McDonald get off of the elevator and told him that he should not leave "until we get this completed." Id. at 131. McDonald did not respond. Rather, McDonald proceeded to his vehicle, entered it, and shut the door. When Santiago walked in front of McDonald's stationary vehicle, Santiago again told McDonald that he could not leave until the "legal matters" were resolved. Id. at 132, 150, 152. At the time, Santiago could see McDonald's face and realized that she was in his line of vision. Even though McDonald had room to back up his parked vehicle, he drove forward and struck Santiago in the legs. Rather than stopping the vehicle, McDonald merely looked up, glared at Santiago, and continued driving forward. Santiago ran three steps back, and McDonald hit her again with the vehicle. McDonald then started to drive away.

3

Jaurigue heard the commotion between McDonald and Santiago. He also observed McDonald sitting in the vehicle and saw Santiago standing by the open driver's side door. Jaurigue then saw McDonald close the door and noticed Santiago step about one foot in front of the vehicle. Jaurigue saw McDonald hit Santiago with his vehicle.

Santiago did not recall attempting to get into McDonald's vehicle, and she never hit McDonald's vehicle with her hand until after he struck her. Although Jaurigue saw Santiago hit the window with her hand and attempt to open the driver's door at some point during the incident, she never physically grabbed McDonald and was not armed. Santiago did not threaten to hit McDonald or assault him.

On December 18, 2012, the State charged McDonald with battery resulting in bodily injury and criminal recklessness, both class A misdemeanors. McDonald proceeded pro se at a jury trial that commenced on September 12, 2013. McDonald did not request or offer an instruction on self-defense, and when asked if he had reviewed the final instructions that the trial court was going to give, McDonald affirmed that he had done so and that they were acceptable.

During closing argument, McDonald raised the issue of self-defense for the first time. McDonald maintained that had he not been lucky enough to lock his vehicle door, McDonald would have been faced with the proposition of a "big guy" like himself "having to whoop on a woman," because she was trying to get into his vehicle. Tr. p. 183. McDonald stated that "under the provisions of Indiana Code section 35-41-3-2":

4

A person is justified in using reasonable force, including deadly force, against any other person and does not have a duty to retreat if that person reasonably believes that force is necessary to prevent or terminate the other person's unlawful attack upon the person's occupied motor vehicle.

Id. at 186.

In response, the trial court struck this argument in accordance with the deputy prosecutor's objection based on the belief that the above-stated law was incorrect when McDonald committed the offenses. More particularly, the deputy prosecutor stated:

The law didn't change until this year and the law that you just stated was not in effect at the time of this crime. There was nothing about entry into a motor vehicle in [the] Indiana code in November of 2012; and therefore, I'm moving to strike your entire previous argument.

Tr. p. 187.[3] McDonald acknowledged that he did not know when this provision became effective and did not object to the trial court's striking of this portion of his argument. Id.

---

[3] Prior to 2012, Indiana Code section 35-41-3-2(b) and (c) provided that

(b) A person:

    (1) is justified in using reasonable force, including deadly force, against another person; and
    (2) does not have a duty to retreat;

if the person reasonably believes that the force is necessary to prevent or terminate the other person's unlawful entry of or attack on the person's dwelling, curtilage, or occupied motor vehicle.

(c) With respect to property other than a dwelling, curtilage, or an occupied motor vehicle, a person is justified in using reasonable force against another person if the person reasonably believes that the force is necessary to immediately prevent or terminate the other person's trespass on or criminal interference with property lawfully in the person's possession, lawfully in possession of a member of the person's immediate family, or belonging to a person whose property the person has authority to protect. However, a person:
    (1) is justified in using deadly force; and
    (2) does not have a duty to retreat;

only if that force is justified under subsection (a).

At some point, the deputy prosecutor remarked that

This is an unflappable guy; he stood up to the State, he stood up to the Judge. He's a Special Forces guy. Michelle's on foot, he's in a car. He's got her by a half a foot in height, more than a hundred pound[s] in weight. And his testimony, I asked him to repeat it twice, 'You feared a physical attack by Michelle Santiago? That's what your story is today?' And he said yes, he's comfortable with that.

Tr. p. 195.

The jury acquitted McDonald of battery, but it found him guilty of criminal recklessness. McDonald now appeals.

## DISCUSSION AND DECISION

### I. Sua Sponte Self-Defense Instruction

McDonald first argues that his conviction should be reversed because the trial court did not sua sponte instruct the jury on the issue of self-defense. McDonald asserts that the trial court should have defined the meaning of self-defense to the jury and that it erred in telling the jury that McDonald's "recitation of the law of self-defense in Indiana was improper." Appellant's Br. p. 10.

We initially observe that pursuant to Trial Rule 51(C), a defendant who fails to object to an instruction or fails to tender an instruction at trial waives the challenge to the propriety of the instruction on appeal. See Baker v. State, 948 N.E.2d 1169, 1178 (Ind. 2011) (finding waiver because the defendant never objected to the instructions given or offered an instruction of his own). Moreover, the failure to tender an instruction results in waiver of the issue for review. Ortiz v. State, 766 N.E.2d 370, 375 (Ind. 2002).

6

In this case, McDonald has waived this argument because he did not offer his own proposed instruction on self-defense to the trial court, and he did not object to the instructions that were given. In fact, as noted above, McDonald acknowledged that the proposed final instructions were acceptable, did not offer any suggested corrections or additions regarding the instructions, and did not even mention self-defense. Moreover, as recounted in the FACTS above, the evidence demonstrates that McDonald's self-serving statements would not have permitted him to prevail on a claim of self-defense— particularly in light of his size compared with that of Santiago. For all these reasons, the trial court was not required to create its own self-defense instruction and instruct the jury as to the same. See Baker, 948 N.E.2d at 1178.

Notwithstanding the above, McDonald attempts to avoid waiver regarding the trial court's decision not to instruct the jury on self-defense on the grounds of fundamental error. This doctrine is extremely narrow and applies only when the error constitutes a blatant violation of basic principles, creating or potentially creating substantial harm, and the resulting error denies the defendant fundamental due process. Covey v. State, 929 N.E.2d 813, 819 (Ind. Ct. App. 2010). Not every error will rise to the level of fundamental error because the error must be so prejudicial to the defendant's rights as to make a fair trial impossible. See Ryan v. State, No. 49S02-1311-CR-734, slip op. at 11 (Ind. June 3, 2014) (observing that the effect of various instances of prosecutorial misconduct did not make a fair trial for the defendant impossible). The Ryan Court observed that

7

In evaluating the issue of fundamental error, our task in this case is to look at the alleged misconduct in the context of all that happened and all relevant information given to the jury—including evidence admitted at trial, closing argument, and jury instructions—to determine whether the misconduct had such an undeniable and substantial effect on the jury's decision that a fair trial was impossible.

Id. at 4 (emphasis in original).

When this court examines fundamental error claims with regard to jury instructions, we look to the instructions as a whole to determine whether they were adequate. Emerson v. State, 952 N.E.2d 832, 838 (Ind. Ct. App. 2011), trans. denied. The purpose of jury instructions is to inform the jury of the applicable law without misleading the jury and to enable it to comprehend the case clearly and arrive at a just, fair, and correct verdict. Munford v. State, 923 N.E.2d 11, 14 (Ind. Ct. App. 2010).

As noted above, there was no error in this case—much less fundamental error—based on our discussion above regarding McDonald's self-defense claim and his failure to tender his own instructions. See Harris v. State, 377 N.E.2d 632, 634 (Ind. 1978) (concluding that the trial court's failure to give, sua sponte, an instruction on self-defense, even though there was some evidence that might support a self-defense claim, did not constitute fundamental error). As a result, McDonald's claim fails.

## II. Closing Argument Regarding Self-Defense

McDonald next claims that his conviction must be reversed because the trial court did not permit him during closing argument to recite a portion of the statute that pertained to self-defense. More particularly, McDonald claims that he correctly stated the law with

regard to self-defense and that the trial court erred in ordering that portion of his closing argument stricken from the record.

As noted above, during closing argument, McDonald read the following to the jury, quoting Indiana Code section 35-41-3-2(d):

> A person is justified in using reasonable force, including deadly force, against any other person and does not have a duty to retreat if that person reasonably believes that force is necessary to prevent or terminate the other person's unlawful attack upon the person's occupied motor vehicle.

Tr. p. 186.

Thereafter, the State objected and moved to strike McDonald's comments on the grounds that the law in effect when McDonald committed his offenses was different than what was asserted during closing argument. McDonald made no attempt to correct the State and remarked that he was not aware as to when the statute was enacted or amended. Id.

In response, the trial court did strike this portion of the argument and stated "the citation by the Defendant as to Indiana law regarding the entry of a motor vehicle just recited is erroneous and you're to disregard his statements in that regard." Tr. p. 187-88. Contrary to McDonald's claims, the trial court did not "tell the jury that McDonald did not have a right to self-defense in an occupied vehicle." Appellant's Br. p. 14. Furthermore, after McDonald had already accepted the final jury instructions and offered no corrections or instructions of his own, he was precluded from offering new jury instructions in his closing argument. Put another way, McDonald's argument seemingly

9

defeats the purpose and finality regarding jury instructions. McDonald directs us to no authority—and we have found none—that permits him to circumvent the process by reading an incomplete segment of the law to the jury on self-defense in his closing argument. Thus, McDonald's argument fails.

We also agree with the State's contention that the trial court properly struck McDonald's incomplete recitation of the law of self-defense from his closing argument because McDonald's statements would have misled the jury with regard to the applicable law. More particularly, McDonald quoted a mere segment on the law of self-defense that he believed benefited his argument. In other words, McDonald would have been unable to convince the jury on his self-defense claim even if he offered the entire statute regarding that defense. Rather, it is apparent that McDonald chose a section of the self-defense statute that would have misled the jury into believing that he could lawfully use any force that he may have deemed necessary to protect his vehicle from damage. As a result, we cannot say that the trial court erred in striking this portion of McDonald's closing argument.[4]

---

[4] As an aside, we also note that McDonald clearly invited any alleged error with regard to the issue of self-defense as a result of his acceptance of the instructions that the trial court gave. Thus, McDonald's claim also fails on this basis. See Kingery v. State, 659 N.E.2d 490, 494 (Ind. 1995) (holding that an error invited by the complaining party is not reversible error). Furthermore, as noted above, McDonald did not offer any instructions on self-defense of his own.

## III. Rebuttal of Self-Defense Claim

McDonald next contends that his conviction must be reversed because the State did not successfully rebut his claim of self-defense. Again, as noted above, the evidence did not justify McDonald hitting Santiago with his vehicle in self-defense.

Even so, we review a challenge to the sufficiency of the evidence to rebut a self-defense claim under the same standard as any sufficiency of the evidence argument. Boyer v. State, 883 N.E.2d 158, 162 (Ind. Ct. App. 2008). In conducting this review, we will not reweigh the evidence or judge the credibility of the witnesses. We will also not disturb the trial court's verdict if there is sufficient evidence of probative value to support the trier of fact's conclusions. Id. We will reverse a conviction where the defendant claims self-defense only if no reasonable person could say that the State disproved self-defense beyond a reasonable doubt. Id.

To present a valid claim of self-defense, a defendant must show that he is justified in using reasonable force against another person to protect himself from what that person reasonably believes to be the imminent use of unlawful force. I.C. § 35-41-3-2. When a defendant has raised a self-defense claim, the State must disprove at least one of the following elements beyond a reasonable doubt: "1) the defendant was in a place where she [or he] had a right to be; 2) the defendant was without fault; and 3) the defendant had a reasonable fear or apprehension of bodily harm." Id. at 162.

The State may disprove one of these elements by affirmatively showing the defendant did not act to defend herself or by relying on evidence elicited in its case-in-

11

chief. Hollowell v. State, 707 N.E.2d 1014, 1021 (Ind. Ct. App. 1999). Here, the State's evidence rebutted any suggestion by McDonald that he struck Santiago with his vehicle in self-defense because the jury, as the finder of fact, could conclude that he failed to show any reasonable fear or apprehension of harm.

More specifically, the deputy prosecutor elicited testimony from Santiago that she had no weapons on her person when she encountered McDonald. Tr. p. 139. Also, Santiago stated that she never physically grabbed McDonald. Id. at 132, 150, 152. Santiago further testified that she did not even touch his vehicle until after he had hit her with it. Id. at 137. The evidence unequivocally established that McDonald struck Santiago twice with his vehicle.

In our view, under any interpretation of the facts and circumstances, McDonald's actions were unreasonable, and deadly force far exceeded anything even arguably necessary under the circumstances. Thus, the State presented more than sufficient evidence to rebut McDonald's claim of self-defense, and we decline to set aside McDonald's conviction.

The judgment of the trial court is affirmed.

BARNES, J., and CRONE, J., concur.