## STATE OF INDIANA v. MABREY.

[Nos. 24,568 and 24,569.    Filed June 14, 1927.]

1. CRIMINAL LAW.—*Right to discharge for delay in bringing defendant to trial limited to acts of state and its officers.*—The right of a defendant to discharge for failure to bring him to trial for more than three terms of court (§2252 Burns 1926) depends on delay of trial caused by the state and its officers, and any delay caused by acts of the defendant are not counted.   p. 278.

2. CRIMINAL LAW.—*Defendant seeking discharge for delay of trial chargeable with delay resulting from his change of venue.*—A defendant seeking discharge for delay in bringing him to trial (§2252 Burns 1926) is chargeable with the delay of the trial resulting from his change of venue, and the time required to perfect the change is not counted.   p. 278.

3. CRIMINAL LAW.—*Presumption as to filing transcript on change of venue.*—On appeal in a criminal cause in which there was a change of venue, there being no objection that the record on appeal does not show that the transcript of the proceedings and orders of the court was deposited with the clerk of the court to which the cause was sent, it will be presumed that it was deposited therein as required by statute.   p. 279.

4. CRIMINAL LAW.—On a change of venue in a criminal cause, the court to which the cause is sent acquires jurisdiction when the transcript and original papers are filed therein.   p. 279.

5. CRIMINAL LAW.—*Time of trial of cause in which change of venue has been granted.*—Under the provision of the statute (§2240 Burns 1926), a criminal cause in which a change of venue has been granted does not stand for trial until the next term after the transcript is filed in the court to which the cause was sent.   p. 279.

6. CRIMINAL LAW.—*Granting change of venue stops running of time for discharge of defendant because not tried within three terms of court and it does not begin to run until next term after transcript filed.*—The granting of a change of venue stops the running of the time prescribed by the statute providing for the discharge of a defendant who has not been brought to trial for three terms of court (§2252 Burns 1926), and it would not begin to run in the new jurisdiction until the next term of court after the filing of the transcript in that court.   p. 279.

From Monroe Circuit Court; *Herbert A. Rundell,* Judge.

Separate prosecutions by the State of Indiana against Milton Mabrey and Ed Mabrey. From orders of dismissal for delay in bringing the defendants to trial for more than three terms of court, the State appeals. *Reversed.*

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

TRAVIS, C. J.—The state brings error, based upon the orders of the trial court, that the causes be dismissed, upon the applications of the defendants, for want of prosecution of defendants, for more than three terms of court, (Acts 1905, ch. 169, §220, §2252 Burns 1926) each of whom is under recognizance. These two numbered causes were instituted and tried separately in the trial court, and are consolidated after appeal, by the court.

Each defendant was charged with the commission of a felony, instituted by affidavit approved by the prosecuting attorney, both of which affidavits were filed in the Lawrence Circuit Court September 11, which was the first judicial day of the September term, 1922. Each of the defendants gave a recognizance bond and each was released from custody.

By agreement of both defendants and the state, the causes were set for trial for November 24, which was the fifth judicial day of the November term, 1922, of the court. The day set for trial, defendants filed their affidavits and motions for changes of venue from the county, which motions were sustained, and by the court's orders the venue of each cause was changed to the Monroe Circuit Court.

December 5, which was the eighth judicial day of the November term, 1922, of the Monroe Circuit Court, the clerk of the Lawrence Circuit Court filed the transcripts of the proceedings in the Monroe Circuit Court in each cause had in the Lawrence Circuit Court.

December 30, the thirtieth judicial day of the November term, 1922, of the Monroe Circuit Court, both causes were continued by order of the court.

February 9, the fifth judicial day of the February term, 1923, of the Monroe Circuit Court, both causes were continued by order of the court.

April 23, the first judicial day of the April term, 1923, of the Monroe Circuit Court, cause No. 24,568 was continued by order of the court.

June 2, the thirty-sixth judicial day of the April term, 1923, of the Monroe Circuit Court, cause No. 24569 was continued by order of the court.

October 6, the twenty-fourth judicial day of the September term, 1923, of the Monroe Circuit Court, the defendants filed their verified petitions for discharge, in each of which petitions, each defendant alleges that the cause had not been continued on a motion by him, and that the delay of trial had not been caused by any act of his; and that each defendant in his own particular cause had at all times been ready and willing that his cause be tried.

Defendants' rights to orders of discharge, by virtue of the statute, *supra,* depend upon the delays of the trials caused by the state and its officers. Any delay 1, 2. caused by acts of the defendants may not be counted in their behalf. *Alyea* v. *State* (1926), 198 Ind. 364, 152 N. E. 801. Each defendant is chargeable for the delay in the trial of his cause, through the change of venue.

The transcripts of the causes, on change of venue, were filed in the Monroe Circuit Court December 5, the eighth judicial day of the November term, 1922, of that court; upon which day jurisdiction vested in the Monroe Circuit Court, *App* v. *State* (1883), 90 Ind. 73; *Fawcett* v. *State* (1880), 71 Ind. 590.

There having been no technical objection that the record does not show that the transcript of the proceed-

ings and orders of the court had been deposited by

3. the sheriff of the Lawrence Circuit Court in the clerk's office of the Monroe Circuit Court. (Acts 1905, ch. 169, §207, §2239 Burns 1926). It will be presumed that the transcript of the proceedings and orders with the original papers in the causes were deposited with the clerk of the Monroe Circuit Court as provided by the statute.

Upon the deposit of such transcript and original papers in the causes in the clerk's office of the Monroe Circuit Court, the jurisdiction over said causes was com-

4, 5. plete; and they were to stand for trial *at the first term thereafter,* (Acts 1905, ch. 169, §208, §2240 Burns 1926).

The action caused by defendants to change the venue stopped the running of the time of the three court terms of limitation, until by law, the causes would stand

6. for trial in the new jurisdiction. The first term of court when these causes would stand for trial was "the first term thereafter," (§2240 Burns 1926, *supra*) which would have been the term of the Monroe Circuit Court which began the first Monday of February 1923 (Acts 1915 p. 88, §1405 Burns 1926), which court was vested with jurisdiction at its November term 1922, in term time, to wit: particularly December 5, 1922, the eighth judicial day of such term, *supra*. The term of limitation began to run at the beginning of the February term, 1923, and continued through the April term 1923, and the September term 1923. The court had until the end of the third term (September term, 1923) to try the causes, and if the defendants were not brought to trial during and before the ending of such third (September 1923) term of court, they not having been instrumental in causing the delay, they and each of them were entitled to have an order of discharge. Defendants, and each of them, in their separate causes

of action, did not wait to file their motions for discharge until after the full time of the limitation had expired, to wit: the end, or after the ending of such September term, 1923, of the court; which was the third term after the court was vested with jurisdiction; but filed their respective motions for discharge in term time, particularly October 6, 1923, the twenty-fourth judicial day of the September term, 1923. The September term of the court continued until the beginning of October term of the Owen Circuit Court (§1405 Burns 1926), to wit: on the third Monday of October, 1923—October 15, 1923.

The three terms of court, as contemplated by the statute, had not elapsed. There is no reason given or facts shown by the record that the causes might not have been tried before the ending of the September term, 1923, of the Monroe Circuit Court.

The trial court's orders sustaining the motions to discharge defendants, and dismissing the causes, are not supported by law, and are contrary thereto, and were erroneous.

The order and judgment of the Monroe Circuit Court in each of said causes is reversed, and the court is ordered to overrule the motion of each defendant in each of said causes for discharge, and to proceed with the trial of the causes.