STATE EX REL. SCHAAF ET AL. *v.* ROSE, SPECIAL JUDGE ET AL.

[No. 27,941.   Filed December 21, 1943.]

*F. C. Crumpacker* and *Richard P. Tinkham,* both of Hammond, and *George E. Hershman,* of Crown Point, for relators.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank Coughlin,* Deputy Attorney General, for respondents.

PER CURIAM. This is an original action by relators asking an order mandating the Special Judge of the Lake County Criminal Court to grant a change of venue from the county in cause number 20,000 pending in

said court, entitled State of Indiana v. Mary Grace Wells Schaaf, Edward W. Schaaf, and Coleman Melvin, or, in the alternative, in the event such relief is not granted, asking that said judge be mandated to grant a change of venue from the judge. The complaint also asks for all further and proper relief in the premises. The Attorney General has appeared on behalf of respondents and the State of Indiana.

In the July Term, 1940, of the Criminal Court of Lake County an indictment was returned against relators and one Richard Melvin charging them with conspiracy to obtain money by false pretenses and to file false claims. On application of defendants in that case a change of venue was granted from Lake County to Newton County on the ground of bias and prejudice existing in the former county. The case continued to pend in Newton County until December 4, 1942, at which time, upon representation that a new prosecution was necessary, the Newton Circuit Court ordered relators and the said Richard Melvin to elect whether such new prosecution should be brought in Newton County or in Lake County. The relators contended that the procedure was illegal and refused to elect. However, the defendant, Richard Melvin, did elect that such new prosecution should be brought in Newton County. Thereupon, on order of the Newton Circuit Court, Richard Melvin furnished a recognizance bond to appear to the new prosecution in the Newton Circuit Court, which was subsequently filed and charged the same offense. Also, pursuant to order of the Newton Circuit Court, relators furnished separate recognizance bonds to appear to a new prosecution when filed in the Criminal Court of Lake County. In the January Term, 1943, of the Criminal Court of Lake County an affidavit was filed charging relators with the same offense that had

been charged in the original indictment. The relators, by an appropriate motion, questioned the jurisdiction of the court, and contended that jurisdiction remained in the Newton Circuit Court. Relators also filed a motion and affidavit for a change of venue from the county in the new prosecution. This action prays for the relief asked upon the ground that the bias and prejudice of the citizens of Lake County, Indiana, against relators was adjudicated by the ruling granting the first change of venue from the county.

The proceedings had in the Newton Circuit Court, which resulted in the orders to relators and Richard Melvin to elect as to the county in which new prosecutions would be filed, were taken under authority of § 9-1308, Burns' 1933, § 2229, Baldwin's 1934. This statute was intended to preserve to defendants in a criminal case the right to be tried in the county to which a change of venue had been granted. It is well established that in a criminal prosecution where several persons are defendants, the granting of an application for a change of venue to one defendant carries with it a change of venue to all defendants. We think the same rule should apply here. One defendant chose to fix the venue of the case in Newton County. The others refused to choose. This was not sufficient to work a severance. Venue of the entire case remained in the Newton Circuit Court. There is no more reason for a severance than in the granting of a separate application for a change of venue by one of several defendants. *State ex rel. Flaherty and Nye* v. *Ermston, Special Judge* (1935), 209 Ind. 117, 197 N. E. 908; *State ex rel. Rose* v. *Worden, Special Judge* (1939), 216 Ind. 83, 23 N. E. (2d) 264. In effect, the order of the Newton Circuit Court accomplished indirectly a change of venue back to a county where bias

and prejudice against relators had already been found to exist. See *Ex Parte Lancaster* (1921), 206 Ala. 60, 89 So. 721, 18 A. L. R. 706. Sections of the statutes relating to changes of venue should, in our opinion, be interpreted in the light of guarantees attaching to defendants in criminal cases to fair and impartial trials as such guarantees are declared in the Constitution of Indiana. (See Section 13 of Article 1, Constitution of Indiana.)

Under the facts appearing in this record there was no severance of this cause of action at the time relators and Richard Melvin responded to the order of the Newton Circuit Court to elect. Upon the facts in this record, the Newton Circuit Court is the only court which has jurisdiction to entertain any new prosecution in this matter, and the Criminal Court of Lake County is without jurisdiction to proceed with the trial of relators upon the affidavit now pending in that court.

It is therefore ordered that the Criminal Court of Lake County be prohibited from taking any further proceedings in cause numbered 20,000, entitled State of Indiana v. Mary Grace Wells Schaaf, Edward W. Schaaf, and Coleman Melvin, except to order the record and papers in said cause certified to the Newton Circuit Court where it will be consolidated with the cause there pending against Richard Melvin, and it is so ordered.

NOTE.—Reported in 51 N. E. (2d) 856.