## STATE OF INDIANA v. HAWLEY.

[No. 869S184. Filed April 1, 1971. No petition for rehearing filed.]

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellant.

*Raymond R. Tanner,* of Winchester, for appellee.

ARTERBURN, C.J.—This is a criminal action in which the State appeals. Hawley was jointly indicted with one Brady for the crime of first degree murder. A number of pre-trial pleadings were filed by both parties. The sole question before us is whether or not the appellee Hawley was entitled to be

discharged under Rule 1-4D(1), which is now CR. 4(A), because of the delay in bringing him to trial within a period of six months. Rule 1-4D(1) reads as follows:

"Defendant in Jail.—No defendant shall be detained in jail on a charge, without a trial for a continuous period embracing more than six 6 months from ... the date of his arrest on such charge (which ever is later); except where ... *the delay was caused by his* act, ...." (Emphasis added).

The chronological sequence of events in this case, as revealed by the record, is as follows:

| | |
|---|---|
| April 20, 1968— | Hawley arrested. |
| May 9, 1968— | Indictment filed in Randolph Circuit Court charging Hawley and Brady with first degree murder. Hawley and Brady arrested. |
| May 11, 1968— | Arraignment continued at request of Hawley and Brady, to May 24, 1968. |
| May 24, 1968— | Hawley and Brady file Motions to Quash. |
| June 3, 1968— | Motions to Quash overruled. Arraignment set for June 14, 1968. |
| June 14, 1968— | Hawley and Brady file Pleas in Abatement. |
| June 17, 1968— | Hearing on Pleas in Abatement. |
| June 22, 1968— | Pleas in Abatement overruled. |
| June 26, 1968— | Court enters pleas of not guilty for Hawley and Brady. |
| June 26, 1968— | Hawley moves for change of venue from county. Granted. |
| July 10, 1968— | Venue perfected to Delaware Circuit Court. |
| July 11, 1968— | Cause set for trial on September 16, 1968. |
| August 26, 1968— | Brady files motion to strike and expunge Randolph Court's entry of not guilty plea. |
| September 4, 1968— | Hawley files motion to strike and expunge Randolph Court's entry of not guilty plea. Hearing set for September 11, 1968. |

September 11, 1968— Pleas of not guilty set aside. Arraignment set for September 13, 1968.

September 13, 1968— Hawley and Brady file petitions to reconsider Randolph Court's rulings on Pleas in Abatement and Motions to Quash. Argument set for September 26, 1968.

September 26, 1968— Argument on petitions to reconsider. Court takes under advisement until September 30, 1968.

September 30, 1968— Petitions to reconsider overruled.

October 8, 1968— Brady files plea of insanity. Court appoints two (2) physicians to examine him.

October 8, 1968— Hawley files motion for severance and separate trial.

October 8, 1968— Hawley and State granted time to submit briefs on his motion for severance. Court advises it will hold motion in abeyance pending a ruling on Brady's insanity.

October 8, 1968— Hawley arraigned, and pleads not guilty.

January 7, 1969— Dr. Gerber's report filed.

January 14, 1969— Dr. Yarling's report filed.

January 15, 1969— Hawley's motion for severance denied.

January 15, 1969— Cause set for trial on March 24, 1969.

March 5, 1969— Brady files Petition for Discharge.

March 10, 1969— Hawley files Motion for Discharge.

March 12, 1969— Brady files motion for continuance on insanity hearing.

March 24, 1969— Hawley's and Brady's Motions for Discharge denied.

March 24, 1969— Argument heard on Brady's motion for continuance. Hearing continued to March 26, 1969.

March 24, 1969— Hawley files Motion for Discharge and Motion to Produce. Motion to Produce granted.

March 26, 1969— Hearing on Brady's insanity plea. Court finds Brady able to stand for trial.

April 15, 1969— Hawley files Motion for Discharge. Hearing set for May 7, 1969.

May 1, 1969— Hawley files Fourth Motion for Discharge. Hearing set for May 7, 1969.

May 7, 1969—      Hearing on Hawley's Motion for Discharge.

May 20, 1969—     Hawley discharged.

It is first contended that a motion for a new trial is the appropriate way to raise the question here. With this we do not agree. There was no trial. The court sustained a motion by the defendant for his discharge from custody, based upon the record under the rule referred to. In Wiltrout, Indiana Practice, Vol. 2, § 1774, p. 545 it is stated: "A motion for a new trial is not appropriate where there has been no trial and such a motion presents nothing for review."

It will be noted from this rule that the defendant must be guilty of some act which caused the delay in bringing him to trial. Hawley's motion for a separate trial was an act causing a delay. The co-defendant Brady, it is true, asked for a continuance on an insanity hearing as to whether or not he could stand trial, but this was not the fault of Hawley.

The State argues that prior to the denial of the motion to separate on January 15th, Hawley had engaged in certain delaying actions which delayed his trial. With this we are inclined to agree. Such actions tolled the running of the rule. The six months period began to run thereafter, when he got a ruling on his motion to separate for a separate trial from Brady, which was denied. That date was January 15, 1969.

We can understand the court's delay by reason of the pending insanity inquest of the co-defendant Brady, but we need not determine at this time whether or not the court could delay the trial of the appellant for that reason, because they were co-defendants. The six months rule for discharge began to run from January 15, 1969. However, the court, before the six months period had run, namely, on May 20, 1969, granted the appellant's motion to be discharged. In this the court was in error, and it is unclear to us from what date the court appeared to calculate the running time of the discharge rule. Motions for severance was an act of the defendant, causing a delay to which he apparently had no right, so far as the record shows, since

the court, in its discretion, denied his motion. It thus caused a delay, to which delaying time he was not entitled to credit. In the neighboring State of Illinois such motions are considered delaying acts. *People* v. *Hotz* (1913), 261 Ill. 239, 103 N. E. 1007; *People ex rel. Woodruff* v. *Matson* (1889), 129 Ill. 591, 22 N. E. 456.

For the reasons stated, the order of discharge of the trial court is reversed, and the trial court is ordered to vacate same.

Givan, Prentice and Hunter, JJ., concur; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—I would affirm the ruling of the trial court in sustaining appellee's motion for discharge. The delay here in issue is the period from October 8, 1968, the day on which appellee entered his plea of not guilty and filed his motion for separate trial, to January 15, 1969, the day the court denied that motion. If this delay was caused by the act of the appellee in filing his motion for separate trial, the trial court erred in discharging the appellee. In my judgment, the entire period should not be attributed to the filing of this motion. The only part of this period properly attributed to the motion is that time necessary for the trial court to rule on the motion, and the remainder of the delay would not be caused by the pending motion. In this case, the trial court stated that he was delaying the ruling on the motion for the reason that the codefendant had entered a plea of insanity. Such a turn of events is obviously no responsibility of the appellee.

In my opinion, ten days would constitute a reasonable period for the trial court to study the motion, hear arguments, if necessary, and to rule on the motion. I would, therefore, consider the delay from October 28, 1968, the end of such ten day period, to January 15, 1969, as delay not caused by the act of the appellee.

There being no further delays, after the filing of this motion for separate trial, attributable to the appellee, the trial court

was correct in finding a delay of six months, as of May 1, 1969, the date the motion for discharge was filed.

NOTE.—Reported in 268 N. E. 2d 80.