STATE OF INDIANA ON RELATION OF WALTER BANKS AND LARRY CADE *v.* HAMILTON SUPERIOR COURT AND THE HONORABLE V. SUE SHIELDS, JUDGE.

[No. 773S142. Filed December 27, 1973.]

*John O. Moss,* of Indianapolis, for relator Walter Banks.

*Jerry M. Barr,* of Noblesville, for relator Larry Cade.

ARTERBURN, C.J.—The Relators were charged with first degree murder in the Marion County Municipal Court on the 8th day of January, 1973. They were bound over to the grand jury which returned a joint indictment on the 8th day of February, 1973.

Thereafter, one of the Relators asked for and received a change of venue from the county. The cause was venued to Hamilton County before the Honorable V. Sue Shields, Judge thereof. The transcript and papers were received in that county on the 1st day of March, 1973.

On July 19, 1973, Relators filed a Petition for a Writ of Prohibition contending that under Rule CR. 4 they are entitled to discharge because they have been incarcerated for more than six (6) months without any delay caused by their action.

The record shows a number of motions by the Relators asking for inspection of the grand jury minutes, for production of certain evidence and for suppression of a confession along with the motion for a change of venue. We find from the record alone that the Relators have been guilty of acts on their part in delaying the case. The six-month period begins to run anew at the time the change of venue was received in Hamilton County, namely, on March 1, 1973. *State* v. *Grow* (1970), 255 Ind. 183, 263 N. E. 2d 277; See also, *State ex rel. Garvin* v. *Dearborn Circuit Court* (1972), 257 Ind. 631, 277 N. E. 2d 370; *State* v. *Hawley* (1971), 256 Ind. 244, 268 N. E. 2d 80. A change of venue for one of two or more jointly charged defendants is a change of venue for all, absent a showing of prejudice by a defendant. *State ex rel. Schaaf* v. *Rose* (1943), 222 Ind.

96, 51 N. E. 2d 856; *State ex rel. Flaherty* v. *Ermston* (1935), 209 Ind. 117, 197 N. E. 908. Therefore, on the merits the Petition for a Writ of Prohibition is denied.

We further note that the prosecuting attorney has filed no responses herein on behalf of the Respondent Court. An inspection of the record reveals no proof that service or notice of the Petition was ever made on the prosecuting attorney. The proof of service is merely an affidavit that "all opposing parties were served with notice and copy of the petition." However, our Rules specifically provide that not only is the Respondent to be served with a notice in an original action such as this, but also the opposing party or attorney "in the case giving rise to the writ," which would include the state or its attorney in the criminal proceeding. See Rule O.A. (C). Thus, there is also an important procedural defect in this case chargeable to the Relator.

For the reasons stated, the Petition for a Writ of Prohibition is denied.

All justices concur.

NOTE.—Reported in 304 N. E. 2d 776.