### Forrest FERGUSON, Appellant,

v.

### STATE of Indiana, Appellee.

### No. 49S00–9111–CR–917.

Supreme Court of Indiana.

July 8, 1992.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana and Cynthia L. Ploughe, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder for which he received a sentence of sixty (60) years.

The facts are: The victim and appellant were cousins. On the evening of August 24, 1989, the victim was parking cars in a lot for State Fair patrons when appellant arrived and engaged him in conversation. During this period, appellant was drinking beer. He started engaging in conversation persons who were returning to their cars from the fair. The victim admonished him that he should not be talking to the customers. Appellant responded that the victim "couldn't make" him quit talking to the customers. The victim grabbed a can of appellant's beer and threw it into the street and attempted to forcefully eject appellant from the lot.

A fight ensued in which the victim appeared to get the better of appellant. Appellant left and went to the victim's house where he entered and obtained a butcher knife. He asked his friend, Steve Anderson, who had seen the initial altercation, to drive him back to the parking lot. He entered Anderson's car and revealed that he was armed with a butcher knife. At that time, the victim returned to his home and appellant left Anderson's car and walked to the victim's porch where he waited until the victim exited the house. At that time, appellant called his name, grabbed him, and the fight was renewed.

Appellant managed to pin the victim against a car whereupon he pulled out the knife and repeatedly stabbed him causing his death. After stabbing the victim, appellant ran from the scene to the house of Brenda Waldon, whom he had known since childhood. She stated he was bloody, had a bad cut on his hand, smelled strongly of alcohol, and had defecated in his pants. She had him remove his soiled clothing, placed it in the trash, and furnished other clothing.

A short time later, when police arrived, appellant had gone to sleep on a bed in

Mrs. Waldon's basement. Police testified that although he smelled of alcohol, he was able to dress himself and walk up the basement stairs unassisted. They stated that his speech was not slurred.

Appellant claims the trial court erred in denying his motion for discharge. He claims he had been held more than one year following his arrest without trial and thus was entitled to discharge under Ind. Crim.Rule 4(C). Appellant was charged with murder on the 25th day of August, 1989. He was not tried until July 1, 1991. Without going into the specific details of the various delays, we have searched the record and find that most of the delay is attributable to appellant. He appeared to have difficulty with the lawyers appointed to defend him to the extent that he had filed a complaint with the Supreme Court Disciplinary Commission against one of them. At one point, the State and the defense agreed to a continuance, and the defendant filed a petition to determine competency.

A defendant is held responsible for any delay caused by his actions including seeking or acquiescing in any continuance. *Burdine v. State* (1987), Ind., 515 N.E.2d 1085. Any delay occasioned by a request for psychiatric examination is also chargeable to a defendant. *Brown v. State* (1981), 275 Ind. 441, 417 N.E.2d 333; *Baldwin v. State* (1980), 274 Ind. 269, 411 N.E.2d 605. If a defendant's actions cause the resignation or withdrawal of his attorney, he is charged with that delay. *Young v. State* (1988), Ind., 521 N.E.2d 671.

When one compiles the various delays chargeable to appellant, we find that the final expiration date within which appellant must have been tried was November 18, 1991. The trial date of July 1, 1991 was well within the time allotted under the rule. We find no error in the trial court's denial of appellant's motion for discharge.

Appellant contends there was insufficient evidence to support his conviction because he was too intoxicated to form the intent to kill the victim. There is no question but what appellant in fact was intoxicated at the time of the altercation.

Indiana Code § 35–41–3–5 provides that voluntary intoxication is a defense only to the extent that it negates the intent element of an offense. In interpreting that statute, this Court has held that a defendant can offer a defense of voluntary intoxication to any crime. *Terry v. State* (1984), Ind., 465 N.E.2d 1085. We have stated that it is not the intoxication that is a defense but rather it may be considered as any other mental incapacity of such severe degree that it precludes the ability to form intent. *Melendez v. State* (1987), Ind., 511 N.E.2d 454. The issue then is not whether appellant was intoxicated but was his intoxication so severe as to preclude his ability to form intent.

In *Hughett v. State* (1990), Ind., 557 N.E.2d 1015, we observed that where the evidence shows a defendant had the ability to engage offensively in physical combat, to disengage and leave the scene, and to find his way to a friend's home seeking aid, his intoxication was not so great as to relieve him from responsibility for his acts.

Almost an identical scenario exists in the case at bar. Prior to the altercation, appellant had sought out his cousin at the parking lot and was engaging him in conversation. He also engaged customers in conversation, fought with the victim, left, went to the victim's home where he obtained a knife, and then asked his friend to drive him back to the parking lot. When the victim appeared at his home, appellant went to the porch where he waited for the victim to exit the home whereupon he again engaged him in combat and stabbed him to death. He then ran from the scene to the home of a friend to seek aid.

The evidence is ample in this case to support the jury's determination that appellant had the ability to form the intent to kill the victim even though he was intoxicated at the time.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.