STATE of Indiana, Appellant–Plaintiff,

v.

Christopher HUBER, Appellee–Defendant.

No. 45A04–0502–CR–68.

Court of Appeals of Indiana.

March 10, 2006.

Transfer Denied May 25, 2006.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellant.

Arlington J. Foley, Merrillville, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

The State appeals from the trial court's grant of Christopher Huber's motion for discharge under Criminal Rule 4(C). The State presents a single dispositive issue for our review, namely, whether the trial court erred when it found that the State had not brought Huber to trial within the time allotted under Criminal Rule 4(C).

We affirm.

### FACTS AND PROCEDURAL HISTORY

On August 21, 2002, the State charged Huber with Recklessly Furnishing an Alcoholic Beverage to a Minor, as a Class C misdemeanor. On August 22, 2002, the State amended the information to add a charge of Contributing to the Delinquency of a Minor, as a Class A misdemeanor. On May 5, 2003, the trial court scheduled Huber's jury trial for July 28, 2003. But that date was vacated after the State successfully moved to try Huber along with his codefendant. The trial court rescheduled the trial for September 29, 2003. But Huber's codefendant moved for a continuance on September 23, which the trial court granted. The court rescheduled the trial for January 26, 2004.

On January 16, 2004, the State filed a Motion to Vacate Jury Trial Date, Disqualify Judge, and to Reassign, which the trial court granted. On March 26, 2004, our supreme court appointed Judge William Boklund as special judge. On July 13, 2004, the trial court rescheduled the trial for October 26, 2004, and Huber orally moved for discharge under Criminal Rule

4(C). Huber filed a written motion for discharge on August 13, 2004, which the trial court granted on September 3, 2004. The State filed a motion to correct error, which the trial court denied. This appeal ensued.

## DISCUSSION AND DECISION

 The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. *Clark v. State,* 659 N.E.2d 548, 551 (Ind.1995). This "fundamental principle of constitutional law" has long been zealously guarded by our courts. *Id.* (quoting *Castle v. State,* 237 Ind. 83, 143 N.E.2d 570, 572 (1957)). To this end, the provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right. *Id.* Specifically, Criminal Rule 4(C) provides in relevant part:

No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar[.]

Thus, if a defendant seeks or acquiesces in a delay that results in a trial date beyond the one-year limit, the time limitations set by Criminal Rule 4 are extended by the length of such delays. *See Vermillion v. State,* 719 N.E.2d 1201, 1204 (Ind.1999).

 The duty to bring a defendant to trial within one year is an affirmative one which rests with the State. *State v. Smith,* 495 N.E.2d 539, 541 (Ind.Ct.App. 1986). The defendant has no obligation to remind the court of the State's duty, nor is he required to take any affirmative action to see that he is brought to trial within the period. *Id.* Whether delays in the scheduling of the trial have occurred and to whom they are chargeable are factual determinations for the trial court. *Id.* at 542.

On appeal, the State contends that Huber should have been charged with several delays which the trial court found were charged to the State. While the State concedes that it was properly charged with 296 days in the delay of Huber's trial, the State insists that the rest of the delay was chargeable to Huber. We cannot agree.

The State maintains that the trial court erred when it found that none of the delay from February 24, 2003 through July 23, 2003 was chargeable to Huber. On February 24, the trial court held a hearing on discovery issues and the conditions of Huber's pretrial release. The CCS entry for that date indicates that the trial court took the issue of modification of Huber's pretrial release under advisement and reset the hearing for May 5, 2003. The trial court had not yet set a trial date. Then, on May 5, 2003, Huber requested a jury trial, and the trial court scheduled his trial for July 28, 2003. But on July 23, 2003, the State moved to join Huber's trial with his codefendant's trial, and the trial court rescheduled the trial for September 30, 2003.

The trial court found that there was no delay chargeable to Huber resulting from the resetting of the February 24, 2003 hearing until May 5, 2003. At the February 24 hearing, Huber's counsel asked the trial court to schedule another status hearing for sixty to ninety days and stated, "then at that time we'll decide if we're either going to resolve the case without a trial or we will be asking for a trial date." Transcript of February 24, 2003 Hearing

at 12.[1] Accordingly, the trial court scheduled the next hearing for May 5, 2003.

On appeal, the State contends that Huber should be charged with that delay because:

> Defendant's statement of possibly not needing a trial reasonably would have lulled the trial court into delaying the scheduling of a trial date in light of a possible resolution short of trial. In addition, Defendant's request for sixty to ninety days to decide effectively allowed Defendant to click off a substantial amount of the rule period before asking for a trial date at the next hearing.

Brief of Appellant at 7. We cannot agree.

In *State v. Smith*, 495 N.E.2d 539 (Ind. Ct.App.1986), the trial court granted the defendant's motion for discharge under Criminal Rule 4(C) where the State failed to schedule a trial pending the parties' plea negotiations over the course of more than one year. The State maintained that the defendant should have been charged with the delay since he was participating in plea negotiations. We disagreed and stated:

> Even if we assume that the State's evidence established that it was engaged in plea negotiations with Smith over the entire one-year period, this does not establish that anything Smith or his attorney did caused an actual delay or prevented the State from scheduling the trial. Smith was under no duty to remind the State that the one-year period was running out, and the State was under no compulsion to allow the period to expire while waiting for Smith's re-

sponse to its plea offer. Indeed, *if the State was dissatisfied with the progress of the negotiations, it could have simply requested the court to set a timely trial date and required Smith to obtain a continuance to pursue the negotiations.* This the State did not do. Thus, the State's uncontroverted evidence demonstrates nothing more than that it failed to perform its affirmative duty to see that Smith was tried within one year.

*Id.* (emphasis added).

In this case, likewise, the State could have requested that a trial date be set at the February 24 hearing, but chose not to. Addressing the State's argument that the time between February 24 and May 5, 2003 should have been charged to Huber, the trial court found that that argument "is especially hollow since it was Huber, and not the State, who secured the first trial date of July 28, 2003, and it was not Huber but the State that on the eve of trial sought a continuance[.]" Appellant's App. at 91. The State asks that we second-guess the trial court's factual determination on this issue, which we will not do. *See Smith*, 495 N.E.2d at 542. The State has not demonstrated that the challenged delay should have been charged to Huber.[2]

Again, the State concedes that it was properly charged with 296 days in the delay of Huber's trial. In addition, we hold that the trial court did not err when it charged the State with the seventy days between February 24 and May 5, 2003, which brought the total number of days chargeable to the State to 366, or more than one year.[3] We affirm the trial court's

---

**1.** We need not make a ruling on Huber's motion to strike in order to resolve the issue presented in this appeal.

**2.** The State asserts several other challenges to the trial court's findings related to Criminal

Rule 4(C), but we need not address those contentions.

**3.** The State was also properly charged with the time between May 5, 2003 and July 23, 2003, an additional seventy-nine days.

grant of Huber's motion to discharge under Criminal Rule 4(C).

Affirmed.

BAKER, J., and BAILEY, J., concur.