STATE of Indiana, Appellant–Plaintiff,

v.

Misty JACKSON and Charles Jackson, II, Appellees–Defendants.

No. 40A05–0601–CR–20.

Court of Appeals of Indiana.

Nov. 22, 2006.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Dustin Houchin, Houchin Law Office, P.C., Salem, IN, Attorney for Appellee Misty Jackson.

Larry Medlock, Paoli, IN, Attorney for Appellee Charles Jackson, II.

### OPINION

CRONE, Judge.

#### Case Summary

The State of Indiana appeals the trial court's grant of the motions for discharge and dismissal filed by Misty Jackson ("Misty") and Charles Jackson, II ("Charles"). We affirm.

#### Issue

We restate the issue as whether the trial court erred in granting Misty's and Charles's motions for discharge and dismissal.

#### Facts and Procedural History

On June 18, 2004, the Washington County prosecutor's office charged Charles with class D felony escape. On July 1, 2004, the Washington County prosecutor's office charged Misty with class D felony conspiracy to commit escape. Warrants were issued for their arrest, and both were apprehended on April 11, 2005.

On April 18, 2005, Charles filed a motion for change of venue pursuant to Indiana Criminal Rule 12. On April 27, 2005, Misty filed a motion for change of venue and a motion for speedy trial pursuant to Criminal Rule 4(B)(1), requesting that she be tried within seventy days. Misty also filed a notice of defense of mental disease or defect, requesting that the court appoint two or three psychiatrists or psychologists to examine her and notify counsel of the time and place of the examinations. Also on that date, Charles filed a motion for early trial pursuant to Criminal Rule 4(B)(1). On May 2, 2005, the State filed motions for joinder, which both Misty and Charles opposed.

On May 5, 2005, the Washington Circuit Court held a hearing on the venue motions. On July 23, 2005, the court held a hearing on the joinder motions. On July 25, 2005, the court granted the venue and joinder motions and ordered the consolidation of Misty's and Charles's cases. After the parties filed their respective strikes pursuant to Criminal Rule 12(G), Jennings County was selected for venue.[1] On October 13, 2005, the Washington Circuit Court issued an order venuing the case to Jennings County. On October 20, 2005, the clerk of the Jennings Circuit Court ("the trial court") issued a certification of venue,

---

1. Criminal Rule 12(G) provides that the parties may either agree on a particular county or strike disfavored counties from a list provided by the trial court.

stating that she had received the transcript of the case.

On January 3, 2006, Misty and Charles filed motions for discharge and dismissal pursuant to Criminal Rule 4(C). They asserted that the State had failed to bring them to trial within the seventy-day time frame of Criminal Rule 4(B)(1), which according to them started October 20, 2005, when the trial court clerk issued a certification of venue, and expired December 29, 2005. On January 6, 2006, the State filed a motion to set trial date. Also on that date, the trial court held a hearing on Misty's and Charles's motions for discharge and dismissal. On January 9, 2006, the trial court granted those motions. The State now appeals.

## Discussion and Decision

■■■ "The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. This fundamental principle of constitutional law has long been zealously guarded by our courts." *State v. Huber*, 843 N.E.2d 571, 573 (Ind. Ct.App.2006) (citations and quotation marks omitted), *trans. denied*. "To this end, the provisions of Indiana Criminal Rule 4 implement the defendant's speedy trial right." *Id.* Indiana Criminal Rule 4(B)(1) provides in pertinent part that a defendant

> shall be discharged if not brought to trial within seventy (70) calendar days from the date of [a speedy/early trial motion], except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

Under Criminal Rule 4(B), "the State has an affirmative duty to try an incarcerated defendant who requests a speedy trial within seventy days." *McKay v. State*, 714 N.E.2d 1182, 1186 (Ind.Ct.App.1999). "The defendant does not have an obligation to remind the State of this duty or to remind the trial court of the State's duty." *Staples v. State*, 553 N.E.2d 141, 143 (Ind.Ct.App.1990) (referring to one-year limit of Ind. Criminal Rule 4(C)), *trans. denied*. Once the time period under Criminal Rule 4(B)(1) has elapsed, a defendant need only move for discharge. *See State v. Hurst*, 688 N.E.2d 402, 408 (Ind. 1997) (referring to Crim. R. 4(C)). Criminal Rule 4(B) "was designed to assure criminal defendants speedy trials, not to provide them with a technical means of avoiding trial." *Smith v. State*, 802 N.E.2d 948, 951 (Ind.Ct.App.2004).

None of the parties dispute that a defendant's motion for change of venue causes a delay in trial proceedings attributable to the defendant. *See, e.g., State v. Mabrey*, 199 Ind. 276, 278, 157 N.E. 97, 98 (1927) ("Each defendant is chargeable for the delay in the trial of his cause, through the change of venue."). Also, none of the parties dispute that Criminal Rule 4(B)(1)'s seventy-day period begins to run following the change of venue. *See, e.g., State ex rel. Banks v. Hamilton Superior Ct.*, 261 Ind. 426, 427, 304 N.E.2d 776, 776 (1973) (stating that the statutory "period begins to run anew at the time change of venue [is] received" in the receiving county). The question raised by the State is, when is the change of venue perfected?

In *State v. Grow*, 255 Ind. 183, 263 N.E.2d 277 (1970), our supreme court stated,

> Where a change of venue from the county has been granted, we have held the time begins to run anew when the court to which the venue is changed receives the transcript and original papers and assumes jurisdiction. *State v. Mabrey* (1927), 199 Ind. 276, 157 N.E. 97. It

follows that the time begins to run anew where a change of venue is taken from a judge *when the new judge qualifies and assumes jurisdiction.*

*Id.* at 186, 263 N.E.2d at 278–79 (emphasis added). The State seizes upon the italicized language and argues that "there must be something more than the simple reception of documents by a clerk before a speedy trial period begins to run anew." Appellee's Br. at 7.

We disagree. *Grow* involved a change of venue from the judge, not the county, as in this case. Criminal Rule 13, which governs change of venue from judge, contemplates that a successor judge may recuse or be disqualified or excused from service, necessitating the assignment or appointment of yet another judge. As the trial court in this case correctly observed, however,

in neither the civil [nor] criminal forum is there allowance for the receiving county selected after a change of venue from the county is filed to reject or decline [its] selection. Thus, it must be assumed that the Court assumes jurisdiction when the Clerk receives the files, because the receiving court need not take any affirmative steps to accept or decline jurisdiction.

Appellant's App. at 136. This determination is consistent with *Grow* and other supreme court precedent involving change of venue from the county. *See Cox v. State,* 275 Ind. 688, 692, 419 N.E.2d 1279, 1282 (1981) (charging defendant with delay for change of venue, which was transferred when "the transcript was duly received and docketed" in the receiving court); *Banks,* 261 Ind. at 427, 304 N.E.2d at 776 (stating that Crim. R. 4 period began "to run anew at the time the change of venue was received" in the receiving county, i.e., when "[t]he transcript and papers were received in that county"); *Mabrey,* 199 Ind. at 278, 157 N.E. at 98 ("Upon the deposit of such transcript and papers in the [venued] causes in the clerk's office of the [receiving] court the jurisdiction over said causes was complete[.]"). In sum, we are bound by our supreme court's precedent on this issue. *See Dragon v. State,* 774 N.E.2d 103, 107 (Ind.Ct.App.2002) ("Supreme court precedent is binding upon us until it is changed either by that court or by legislative enactment."), *trans. denied* (2003).[2]

■ As a final matter, the State contends that the trial court improperly granted Misty's motion for discharge and

---

**2.** The State claims that "[n]either the State nor either of the defendants in this case was informed of the filing of the documents in Jennings County. Indeed, even the Jennings County judge himself was completely unaware of these cases being venued to Jennings County." Appellant's Br. at 7. We remind the State that "[i]t is the duty of an attorney to keep apprised of the status of pending matters before the court." *Ind. Ins. Co. v. Ins. Co. of N. Am.,* 734 N.E.2d 276, 280 (Ind.Ct.App. 2000), *trans. denied* (2001). Obviously, both Misty and Charles were aware of the certification of venue because they relied on it in their motions for discharge and dismissal. The Jennings Circuit Court was aware of it because the clerk issued the certification and an entry was made in the chronological case

summary. *See* Appellant's App. at 8 ("Washington County clerk files all original papers."). In its order, the trial court stated that it first learned of the venue change from a January 3, 2006, newspaper article. *Id.* at 136. Nevertheless, the court acknowledged that it "would be remiss if it did not address its own responsibility to review an incoming file and address pending issues and schedule dates." *Id.* at 137. The trial court also said that one explanation for the State's "confusion" about the venue change may be the suspension of the prosecuting and chief deputy prosecuting attorneys on September 12, 2005; the governor did not appoint an acting prosecutor until October 10, 2005. *Id.* at n. 7.

dismissal because she had requested a psychiatric examination. In *Ferguson v. State*, 594 N.E.2d 790 (Ind.1992), our supreme court stated that "[a] defendant is held responsible for any delay caused by his actions including seeking or acquiescing in any continuance. Any delay occasioned by a request for psychiatric examination is also chargeable to a defendant." *Id.* at 792. In this case, any delay was not caused by Misty's request for a psychiatric examination, which was never ruled upon by either court, but rather by the trial court's candidly admitted inattention to its docket and case files [3] and the State's failure to track the case more closely. The trial court did not err in granting Misty's and Charles's motions for discharge and dismissal. We therefore affirm.

Affirmed.

BAKER, J., and VAIDIK, J., concur.

**3.** In its thoughtful order, the trial court stated that it was "cognizant of the impact of its ruling herein." Appellant's App. at 137. The court further remarked,

> The extreme sanction of discharge and dismissal signifies the importance the Indiana Supreme Court attaches to compliance with Indiana Rule of Criminal Procedure 4(B)(1). With the ever increasing demands being placed on prosecutors and courts of general jurisdiction to meet time deadlines in conducting hearings, not only in the criminal realm, but the juvenile realm, it is questionable whether seventy (70) days is a realistic deadline to try a case.
>
> *Id.*