Derrick SMITH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A04–1003–CR–139.

Court of Appeals of Indiana.

Feb. 28, 2011.

Bruce W. Graham, Graham Law Firm P.C., Lafayette, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Derrick Smith was charged with multiple drug offenses. At each of the first three hearings in his case and before he was represented by counsel, Smith orally moved for a speedy trial pursuant to Indiana Criminal Rule 4(B). The trial court noted his requests and recommended that he consult an attorney and have the attorney file a written motion. After seventy days passed, Smith filed a "Motion to Dismiss" seeking discharge pursuant to Indiana Criminal Rule 4(B). Appellant's App. at 39. The trial court released him from incarceration, but did not dismiss the charges because it found that Smith had failed to object to the setting of his trial outside the seventy-day period. Smith ultimately was convicted of conspiracy to commit dealing in cocaine and was sentenced. Smith now appeals, arguing that the trial court erred by not dismissing the charges. The State contends that Smith waived the Criminal Rule 4(B) issue because he did not object to his trial setting

and did not file a written motion. We conclude that Smith did not waive this issue. Because the charges should have been dismissed, we vacate his conviction.[1]

### Facts and Procedural History

On August 6, 2008, Smith was charged with two counts of dealing in cocaine, two counts of possession of cocaine, and conspiracy to commit dealing in cocaine. An initial hearing was held the same day before Magistrate Norris Wang. Magistrate Wang informed Smith that his trial was set for December 2, 2008. Smith then moved for a speedy trial:

> BY MR. SMITH: .... I would like to exercise my Constitutional right and ask for a motion of fast and speedy trial to be set in my case please.
>
> BY THE COURT: Okay we'll note in your case sir that you made a request for fast and speedy trial.... [I]f you hire a lawyer you need to make sure that you talk to your lawyer and tell him that you requested a fast and speedy trial too and file a formal written motion for that too, but I'll note for the record that you made a[n] oral request for a speedy trial. I'm not saying it works or doesn't work, but sometimes it works to your benefit and sometimes it doesn't work for your benefit.
>
> BY MR. SMITH: Your video tape told me that I have that option....
>
> BY THE COURT: You have that option. You can ask for a speedy trial at anytime [sic].... My advi[c]e for you ... is that you can make a request for a speedy trial at any time but you really

needed to talk over it with a lawyer if that's really what you want to do.

> BY MR. SMITH: I want to make my motion for mine today, sir.
>
> ....
>
> BY THE COURT: Well, defendant makes oral request for speedy trial. We'll get a new date for you as soon as they can. I don't have Judge Johnson's calendar here.

Appellant's App. at 193–94.[2]

Smith also indicated that he wanted to hire private counsel, and an attorney status hearing was held on August 18, 2008, before Magistrate Wang. At that time, Smith had not yet hired a lawyer. Smith's trial was still set for December 2, 2008, and he again requested a speedy trial:

> BY MR. SMITH: .... On my initial appearance I did request a motion for a fast and speedy trial and you said you would allow that, did that not change my (indiscernible) or anything like that?
>
> BY THE COURT: .... I can not[e] that you made an oral request for it and you have the right to a speedy trial. You need ... to file a formal written motion with the ... Court and you need to talk it over with your attorney because there are benefits to having a speedy trial but there are benefits to having a speedy trial, but there are some draw backs too.
>
> ....
>
> BY MR. SMITH: I discussed that with you at my initial hearing and you will allow it. You said something to the

---

1. Given our resolution of this case, we need not address Smith's argument that the trial court abused its discretion by not giving one of his tendered jury instructions.

2. The transcripts of the August 6 and August 18, 2008, hearings are contained only in the Appellant's Appendix. The transcript of the

initial hearing on September 12, 2008, is separately bound, and the transcripts of the remaining proceedings are bound together. We will cite the September 12, 2008, transcript as "Initial Hearing Tr." and the other transcript volumes not contained in the Appendix as "Tr."

effect that you would allow me to have a motion for my fast and speedy trial.

BY THE COURT: Well, we'll note that Mr. Smith made an oral request for a speedy trial. We'll direct him and his attorney, once he gets an attorney, to file a written request—file a formal written request for speedy trial too and we'll set that request for speedy trial to set a speedy trial date on motion hour September 5th that's within the 70 days because if you get a[ ] lawyer hired you've got to check and see what good date that they can assign it for a speedy trial that he can try the case.

. . . .

BY MR. SMITH: Now you said something about in writing. So, I can go back here and . . . write and submit this to the court.

BY THE COURT: You can write a letter to the Court, Superior Court No. 1, Judge Johnson make a formal request for a speedy trial too, and make sure your lawyer knows about that too.

BY MR. SMITH: Okay.

BY THE COURT: Once you make a request . . . it's going to be pretty committed, things will happen really quick and you'll have to study all your stuff.

BY MR. SMITH: That's exactly what I want.

*Id.* at 199–201. Smith's oral motion was noted in the chronological case summary.

On August 22, 2008, a public defender was appointed to represent Smith. Kurtis Fouts of the Public Defender's Office entered an appearance on August 29, 2008. On September 5, 2008, the State added a habitual offender charge, and an initial hearing was held on September 12, 2008, before Judge Pro Tempore Joseph Bumbleburg. Fouts was not present for that hearing, and Smith informed the court that Fouts had not been in contact with him.

The court informed Smith that his trial was set for December 2, 2008. Smith once again informed the court that he desired a speedy trial:

BY THE DEFENDANT: . . . I've been requesting a fast and speedy trial . . . since my initial appearance in front of the magistrate . . . and I have been getting the run around.

. . . .

BY MR. OSMON [prosecutor]: Well, Judge, now that. Mr. Smith . . . is represented by counsel, the motion for speedy trial has to come from his counsel. He's not entitled to dual representation so the speedy trial must come from Mr. Fouts. . . .

BY THE COURT: Well, let's just on the minute entry also show that the defendant reaffirms his request for speedy trial and that that request was referred by this order to Mr. Fouts for his consideration and let Fouts figure that out.

Initial Hearing Tr. at 6–8.

The record does not reflect that Fouts took any action on Smith's case. Smith hired Dana Childress–Jones to represent him, and she entered her appearance on October 7, 2008. Childress–Jones filed a motion to dismiss pursuant to Criminal Rule 4(B). The State filed a motion to strike the motion to dismiss, arguing that the court had never ruled on Smith's motion for a speedy trial. A hearing was held on November 21, 2008, before Judge Donald C. Johnson. The State conceded that Smith had not done anything to delay the trial. The trial court noted that it did not have to take affirmative action to accept a speedy trial motion. The court acknowledged that Smith was entitled to be released, but was reluctant to dismiss the charges:

The bottom line is, I think I gotta grant it. Now, I can give you [the State] ten

days to come up with something to knock my socks off.... So I am going to ... let him out because more than seventy days have passed without excuse and he asked for a speedy trial. The magistrate had no legal right but to grant ... that motion for speedy trial. There is no evidence that the defendant in this case did anything to stand in the way of his speedy trial so I'm going to ask the Sheriff to release him.

Tr. at 5, 9.

Following this hearing, each party filed several motions. Ultimately, the trial court found that Smith had not objected to the trial setting and therefore had waived his claim for dismissal pursuant to Criminal Rule 4(B). Smith's case proceeded to trial, and he was convicted of dealing in cocaine and conspiracy. The trial court merged the convictions and sentenced Smith to forty-five years for conspiracy. Smith now appeals.

### Discussion and Decision

■ Smith argues that the trial court erred by not dismissing the charges against him pursuant to Criminal Rule 4(B)(1), which provides, in relevant part:

If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

Criminal Rule 4 implements the defendant's constitutional right to a speedy trial.

*State v. Jackson,* 857 N.E.2d 378, 380 (Ind. Ct.App.2006). The trial court found that Smith waived his right to be tried within seventy days because he did not object to the trial setting. "If a trial court makes findings in response to a Motion for Discharge, its findings are reviewed under a clearly erroneous standard." *Lowrimore v. State,* 728 N.E.2d 860, 864-65 (Ind. 2000).

The State does not contend that its failure to bring Smith to trial within seventy days was due to Smith's actions or court congestion. Instead, the State argues that the trial court correctly found that Smith failed to object to his trial setting. Alternatively, the State argues that Smith waived his right to be tried within seventy days because he did not file a written motion for a speedy trial.

■ "A defendant must object at the earliest opportunity when his trial is set beyond the time limitations of Crim. R. 4. If an objection is not timely made, the defendant is deemed to have acquiesced to the later trial date." *Hampton v. State,* 754 N.E.2d 1037, 1039 (Ind.Ct.App.2001), *trans. denied.* At his initial hearing, Smith was informed that his trial was set for December 2, 2008. Smith then informed the court that he wished to exercise his right to a speedy trial. The court noted his request and assured Smith that he would receive a new trial date as soon as possible. At the time of the next hearing, Smith's trial was still set for December 2, and Smith renewed his motion for a speedy trial. The next hearing at which Smith was present was his initial hearing on the habitual offender charge.[3] When Smith was informed that his trial was still set for December 2, he responded, "I've been requesting a fast and speedy trial ...

---

3. The chronological case summary indicates that an attorney status hearing was held on August 22, 2008, but the record does not

reflect that Smith was present for that hearing.

since my initial appearance in front of the magistrate . . . and I have been getting the run around." Initial Hearing Tr. at 6–7. At every hearing held prior to the filing of his motion to dismiss, Smith informed the trial court that he wanted a speedy trial. Although Smith did not say the words "I object to the trial setting," it was clear that he was not acquiescing to the December 2 trial setting, and the trial court's findings to the contrary are clearly erroneous.

■ Relying on *McGowan v. State*, the State asserts that Smith was required to put his motion in writing because the magistrate ordered him to do so. 599 N.E.2d 589, 591–92 (Ind.1992). McGowan made an oral motion for a speedy trial on October 9, 1990. The magistrate ordered him to submit a written motion, which he did on October 30, 1990. Our supreme court recognized that Criminal Rule 4(B) does not require motions to be made in writing. *Id.* at 591. However, Indiana Trial Rule 7(B) authorizes a court to order that motions be made in writing. *Id.* Therefore, the court concluded that the seventy-day period began on October 30 when the written motion was filed. *Id.*

At his initial hearing, when Smith orally moved for a speedy trial, the magistrate said, "[I]f you hire a lawyer you need to make sure that you talk to your lawyer and tell him that you requested a fast and speedy trial too and file a formal written motion for that too, but I'll note for the record that you made a[n] oral request for a speedy trial." Appellant's App. at 193–94. Smith and the magistrate continued to discuss the issue, and the magistrate concluded by saying, "Well, defendant makes oral request for speedy trial. We'll get a new date for you as soon as they can. I don't have Judge Johnson's calendar here." *Id.* at 194. Thus, while the magistrate suggested to Smith that he talk it

over with an attorney and have the attorney file a written motion, ultimately, the magistrate noted Smith's request on the record and assured him that he would receive a new trial date. No reasonable lay person would have believed that he had acquiesced in a trial setting outside the Criminal Rule 4 deadline based upon these exchanges.

At the next hearing when Smith brought up the speedy trial issue, the magistrate again stressed the importance of discussing it with an attorney and stated, "Well, we'll note that Mr. Smith made an oral request for a speedy trial. We'll direct him and his attorney, once he gets an attorney, to file a . . . formal written request for speedy trial too . . . ." *Id.* at 199. Smith asked if he could submit a written motion, and the magistrate told him that he could write a letter to the court but did not order him to do so.

Viewing the proceedings as a whole, we conclude that although the magistrate desired to have a written motion from an attorney, the magistrate agreed that Smith should receive a new trial date and did not require Smith to personally submit a written motion. To the extent that the State argues that the issue has been waived because counsel did not follow up with a written motion, we disagree. Smith made multiple valid requests for a speedy trial, and the trial court could not hold open the seventy-day window by requiring Smith to first consult with an attorney. Contrary to the State's argument, this case does not involve issues of "hybrid representation." *See Coonan v. State*, 269 Ind. 578, 581, 382 N.E.2d 157, 161 (1978) (holding that the trial court had discretion to deny defendant permission to represent himself along with appointed counsel because there is no right to hybrid representation), *cert. denied.* Smith's first two requests were made before counsel had been hired or

appointed. Neither attorney involved in Smith's case took any action inconsistent with his motion; rather, Childress–Jones vigorously argued that Smith's motions should have been honored. Therefore, we conclude that Smith did not waive his right to be tried within seventy days and the trial court erred by not dismissing the charges. We therefore vacate his conviction.

Vacated.

KIRSCH, J., and BRADFORD, J., concur.